**UNITED STATES DISTRICT COURT OF THE DISTRICT OF COLUMBIA**

**DAVID HOLBROOK**
**204 37th Place, S.E.**
**Washington, DC 20019**

**Plaintiff,**

**v.** **Case No.:**

**UNITED STATES OF AMERICA**
**Serve Registered Agent:**
**Attorney General of the United States**
**Department of Justice**
**950 Pennsylvania Avenue, N.W.**
**Washington, DC 20530-0001**

**and**

**Serve Registered Agent:**
**Ronald C. Machen, Jr.**
**United States Attorney, District of Columbia**
**555 Fourth Street, N.W.**
**Washington, DC 20530**

**and**

**WASHINGTON METROPOLITAN**
**AREA TRANSIT AUTHORITY**
**600 Fifth Street, N.W.**
**Washington, DC 20001**
**Serve Registered Agent:**
**Carol O'Keefe, Esquire**
**600 Fifth Street, N.W.**
**Washington, DC 20001**

**Defendants.**

**COMPLAINT**
(Personal Injury)

Plaintiff, DAVID HOLBROOK, alleges:

## I. JURISDICTION

1. This action arises under the Federal Tort Claims Act, 28 U.S.C.A. § 2671 *et seq.* and 1346 (b) and under the WASHINGTON METROPOLITAN AREA TRANSIT AUTHORITY Compact, D.C. Code § 9-1107.1 *et seq.*

2. Plaintiff is a United States citizen who resides in this judicial district.

3. The UNITED STATES OF AMERICA (hereinafter " THE UNITED STATES") is sued as the employer and principal of Melvin Proctor who Plaintiff is informed was in the course of his duties and scope of employment with the United States Park Service when he negligently operated a vehicle owned by THE UNITED STATES at a time that it was involved in a collision in Washington, DC on September 24, 2013 with a vehicle owned by the WASHINGTON METROPOLITAN AREA TRANSIT AUTHORITY (hereinafter "WMATA" or METRO").

4. WMATA is sued as the employer and principal of its agent Anthony Brown, Sr. who Plaintiff is informed was in the course of his duties and in the scope of his employment with WMATA when he negligently operated a Metrobus owned by WMATA at a time that it was involved in a collision with a United States Park Service vehicle in Washington, DC.

5. The Plaintiff's claim against THE UNITED STATES was presented to the United States Department of the Interior, National Park Service on or about May 8, 2014 pursuant to 28 U.S.C.A. § 2675 (a) (Exhibit A, which is attached and incorporated by reference).

6. The Department of the Interior denied Plaintiff's claim by letter of November 10, 2014.

## II. VENUE

7. Venue is proper pursuant to 28 U.S.C.A. 1402 (b) because the incident occurred in this Court's judicial district, the District of Columbia.

## III. FACTS

8. On or about September 24, 2013, the Plaintiff, DAVID HOLBROOK, was a passenger on a bus owned by Defendant, WMATA, and being operated by it's agent, servant and/or employee on Minnesota Avenue, S.E., Washington, DC at or near the intersection of D Street, S.E., Washington, DC.

9. At the same time and place a vehicle owned by the United States Park Service and operated by its agent, servant and/or employee was traveling in the same direction as the WMATA bus on Minnesota Avenue, S.E.

10. At approximately three p.m. on September 24, 2013 the above-described vehicles collided.

**COUNT I**
**Negligence - United States**

11. Plaintiff, DAVID HOLBROOK, adopts and incorporates herein the allegations of paragraphs One (1) through Ten (10).

12. Plaintiff is informed and believes, and on the basis of that information and belief alleges, that the collision was proximately caused or contributed to by the negligence of the operator of the Park Service vehicle in that he failed to maintain a proper lookout, failed to properly control his vehicle, failed to observe proper lane markings and was otherwise negligent and in violation of the standard of due care and of the traffic rules and regulations then and there in force. The Park Service's employee's negligence is imputed to the Unites States.

13. That as a direct and proximate result of the aforesaid carelessness and negligence of Defendant, UNITED STATES OF AMERICA, the Plaintiff, DAVID HOLBROOK, was caused to suffer various painful, serious and permanent injuries to his body, which necessitated medical care and attention at great expense, and other damages.

**WHEREFORE**, the Plaintiff, DAVID HOLBROOK, requests that the Court grant judgment in favor of the Plaintiff against the Defendant, UNITES STATES OF AMERICA, for the sum to date of Twenty Thousand Dollars ($20,000.00), together with all legal interest on that amount until paid, the costs of these proceedings and such other and further relief as the Court deems just and proper.

**COUNT II**
**Negligence - WMATA**

14. Plaintiff, DAVID HOLBROOK, adopts and incorporates herein the allegations of paragraphs One (1) through Thirteen (13).

15. Plaintiff is informed and believes, and on the basis of that information and belief alleges, that the collision was proximately caused or contributed by the negligence of the operator of the WMATA vehicle in that he failed to maintain a proper lookout, failed to properly control his vehicle, failed to observe proper lane markings and was otherwise negligent and in violation of the standard of due care and of the traffic rules and regulations then and there in force. The WMATA employee's negligence is imputed to WMATA.

**WHEREFORE**, the Plaintiff, DAVID HOLBROOK, requests that the Court grant judgment in favor of the Plaintiff against the Defendant, WASHINGTON METROPOLITAN AREA TRANSIT AUTHORITY, for the sum to date of Twenty Thousand Dollars ($20,000.00), together with all legal interest on that amount until paid, the costs of these proceedings and such other and furthur relief as the Court deems just and proper.

Respectfully Submitted,

**PETER F. FEDAK, P.A.**

/s/ William R. Scanlin

William R. Scanlin, Esquire
401 North Washington Street
Suite 100A
Rockville, MD 20850
(301) 881-6444
wscanlin@gmail.com, peter@fedak.com
Attorney for Plaintiff

Law Offices
PETER F. FEDAK, P.A.
401 North Washington Street
Suite 100A
Rockville, Maryland 20850
(301) 881-6444 * Fax (301) 881-7441

May 8, 2015

Peter A. Gentile
National Park Service
1100 Ohio Drive, S.W.
Washington, DC 20242

| | | | |
|---|---|---|---|
| Re: | Claim No. | : | A7637 (NCR-PPAE) |
| | Claimant | : | David Holbrook |
| | D/Loss | : | 09/24/13 |

Dear Mr. Gentile:

Enclosed is verification of all specials sustained in this matter, which are itemized as follows:

**DAVID HOLBROOK:**

| | |
|---|---|
| Howard University Hospital<br>09/24/13 | $ 828.53 |
| Medical Faculty Associates<br>09/24/13 | $ 268.00 |
| Medtaris Rehabilitation<br>10/01/13 - 10/31/13 | $3,915.00 |
| **TOTAL** | **$5,011.53** |

As you will note from the enclosed medical reports, this claimant presented to the emergency room with complaints of lower back pain. He was diagnosed with a back sprain. He was prescribed medication and discharged with the advice to follow with a physician.

He followed his treatment with Dr. Jackson and presented with continued complaints of headaches and lower back pain. He was evaluated and diagnosed with post-traumatic headaches and lumbar musculoligamentous strain/sprain. He was referred for a formal course of physical therapy.

Mr. Holbrook began to experience difficulty sleeping because of his low back pain, it is noted that his pain radiated up to his left shoulder blade. He was further diagnosed with lumbar sprain. He eventually began to experience pounding bi-frontal headaches. He was referred for a neurological consultation with Dr. Adams and was diagnosed with post-traumatic headaches as a result of the jerking of the neck he sustained on the accident. He was prescribed medication and cold compresses and was advice to return if symptoms became too severe.

EXHIBIT
A

This claimant was treated conservatively with rest, medications, formal physical therapy and exercises. He gradually improved and was released from active medical care with the advice to return if the symptoms became too severe.

**LIABILITY**

Regarding liability in this matter, as your file will reflect Mr. Holbrook was a passenger on a WMATA bus which was struck by your insured vehicle. The impact of this collision was so severe as to cause the above injuries.

**DEMAND**

If you are interested in settlement of this liability claim, then due to the nature and extent of my client's injuries, as well as the clear liability of this accident, I would recommend that this case be settled for $20,000.00.

Please review the enclosed documentation and let me have your settlement thoughts.

Yours very truly,

**PETER F. FEDAK, P.A.**

Peter Fedak

Peter F. Fedak

PFF/ava/nnt
enclosures

## PRIVACY ACT NOTICE

This Notice is provided in accordance with the Privacy Act, 5 U.S.C. 552a(e)(3), and concerns the information requested in the letter to which this Notice is attached.

A. *Authority:* The requested information is solicited pursuant to one or more of the following: 5 U.S.C. 301, 38 U.S.C. 501 et seq., 28 U.S.C. 2671 et seq., 28 C.F.R. Part 14.

B. *Principal Purpose:* The information requested is to be used in evaluating claims.

C. *Routine Use:* See the Notices of Systems of Records for the agency to whom you are submitting this form for this information.

D. *Effect of Failure to Respond:* Disclosure is voluntary. However, failure to supply the requested information or to execute the form may render your claim "invalid".

## INSTRUCTIONS

**Complete all items - insert the word NONE where applicable**

A CLAIM SHALL BE DEEMED TO HAVE BEEN PRESENTED WHEN A FEDERAL AGENCY RECEIVES FROM A CLAIMANT, HIS DULY AUTHORIZED AGENT, OR LEGAL REPRESENTATIVE AN EXECUTED STANDARD FORM 95 OR OTHER WRITTEN NOTIFICATION OF AN INCIDENT, ACCOMPANIED BY A CLAIM FOR MONEY DAMAGES IN A SUM CERTAIN FOR INJURY TO OR LOSS OF PROPERTY, PERSONAL INJURY, OR DEATH ALLEGED TO HAVE OCCURRED BY REASON OF THE INCIDENT. THE CLAIM MUST BE PRESENTED TO THE APPROPRIATE FEDERAL AGENCY WITHIN TWO YEARS AFTER THE CLAIM ACCRUES.

Any instructions or information necessary in the preparation of your claim will be furnished, upon request, by the office indicated in item #1 on the reverse side. Complete regulations pertaining to claims asserted under the Federal Tort Claims Act can be found in Title 28, Code of Federal Regulations, Part 14. Many agencies have published supplemental regulations also. If more than one agency is involved, please state each agency.

The claim may be filed by a duly authorized agent or other legal representative, provided evidence satisfactory to the Government is submitted with said claim establishing express authority to act for the claimant. A claim presented by an agent or legal representative must be presented in the name of the claimant. If the claim is signed by the agent or legal representative, it must show the title or legal capacity of the person signing and be accompanied by evidence of his/her authority to present a claim on behalf of the claimant as agent, executor, administrator, parent, guardian or other representative.

If claimant intends to file claim for both personal injury and property damage, claim for both must be shown in item 12 of this form.

The amount claimed should be substantiated by competent evidence as follows:

*(a)* In support of the claim for personal injury or death, the claimant should submit a written report by the attending physician, showing the nature and extent of injury, the nature and extent of treatment, the degree of permanent disability, if any, the prognosis, and the period of hospitalization, or incapacitation, attaching itemized bills for medical, hospital, or burial expenses actually incurred.

*(b)* In support of claims for damage to property which has been or can be economically repaired, the claimant should submit at least two itemized signed statements or estimates by reliable, disinterested concerns; or, if payment has been made, the itemized signed receipts evidencing payment.

*(c)* In support of claims for damage to property which is not economically repairable, or if the property is lost or destroyed, the claimant should submit statements as to the original cost of the property, the date of purchase, and the value of the property, both before and after the accident. Such statements should be by disinterested competent persons, preferably reputable dealers or officials familiar with the type of property damaged, or by two or more competitive bidders, and should be certified as being just and correct.

*(d)* Failure to completely execute this form or to supply the requested material within two years from the date the allegations accrued may render your claim "invalid". A claim is deemed presented when it is received by the appropriate agency, not when it is mailed.

**Failure to specify a sum certain will result in invalid presentation of your claim and may result in forfeiture of your rights.**

Public reporting burden for this collection of information is estimated to average 15 minutes per response, including the time for reviewing instructions, searching existing data sources, gathering and maintaining the data needed, and completing and reviewing the collection of information. Send comments regarding this burden estimate or any other aspect of this collection of information, including suggestions for reducing this burden,

to Director, Torts Branch
Civil Division
U.S. Department of Justice
Washington, DC 20530

and to the
Office of Management and Budget
Paperwork Reduction Project (1105-0008)
Washington, DC 20503

## INSURANCE COVERAGE

In order that subrogation claims may be adjudicated, it is essential that the claimant provide the following information regarding the insurance coverage of his vehicle or property.

15. Do you carry accident insurance? ☐ Yes, If yes, give name and address of insurance company *(Number, street, city, State, and Zip Code)* and policy number. ☒ No

16. Have you filed claim on your insurance carrier in this instance, and if so, is it full coverage or deductible?

n/a

17. If deductible, state amount

n/a

18. If claim has been filed with your carrier, what action has your insurer taken or proposes to take with reference to your claim? *(It is necessary that you ascertain these facts)*

n/a

19. Do you carry public liability and property damage insurance? ☐ Yes, If yes, give name and address of insurance company *(Number, street, city, State, and Zip Code)* ☒ No